# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2992EA

_____

Steve Dinwiddie,                    *
                                    *
        Plaintiff-Appellant,        *
                                    *  On Appeal from the United
    v.                              *  States District Court for
                                    *  the Eastern District of
                                    *  Arkansas.
United Parcel Service,              *
                                    *   [PUBLISHED]
        Defendant-Appellee.         *

_____

Submitted: March 12, 1999

Filed:  May 21, 1999

_____

Before RICHARD S. ARNOLD and HANSEN, Circuit Judges, and PERRY,[1] District
    Judge.

_____

PER CURIAM.

Steve Dinwiddie brought suit against his employer, United Parcel Service, alleging various state-law causes of action. UPS moved for summary judgment based on the fact that Dinwiddie's claims were preempted under § 301 of the Labor Management Relations Act. See Lingle v. Norge Div. Of Magic Chef, 486 U.S. 399, 405 (1988). This motion was denied, and the suit proceeded to trial. The jury found

_____

[1]The Hon. Catherine Perry, United States District Judge for the Eastern District of Missouri, sitting by designation.

in favor of Dinwiddie on his tort-of-outrage claim and awarded him $536,850.00 in damages. UPS then moved for a judgment as a matter of law, and the District Court[2] granted the motion and dismissed the lawsuit.

The District Court based its ruling on two separate grounds. First, the Court held that the outrage claim was "inextricably intertwined" with provisions of the collective-bargaining agreement governing employee discharge and grievance procedures. Memorandum Opinion and Order, June 4, 1998, No. LR-C-97-527 at 5. Second, the Court found that the evidence simply would not support a verdict on the claim of outrage under Arkansas law. Id. at 7.

Although we suspect the District Court was correct in both respects, we affirm on the basis that Dinwiddie did not produce sufficient evidence from which a reasonable jury could have concluded that UPS's "conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." Sterling Drug, Inc. v. Oxford, 294 Ark. 239, 243, 743 S.W.2d 380, 382 (1988). The issue is one of state law, and the case does not have enough precedential significance to justify the filing of a fuller opinion.

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]The Hon. George Howard, Jr., United States District Judge for the Eastern and Western Districts of Arkansas.